IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Shawn C. Barton, )
    Petitioner, )
    )
v. ) 1:08cv1144 (CMH/JFA)
    )
Gene Johnson, )
    Respondent. )

## MEMORANDUM OPINION

Shawn C. Barton, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction in the Circuit Court for the City of Chesapeake, Virginia. On April 22, 2009, respondent filed a Motion to Dismiss and Rule 5 Answer, along with a supporting brief. Barton was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has opted not to file a response. For the reasons that follow, Barton's claims must be dismissed.

I.

Pursuant to a final judgment dated December 13, 2004, Barton was convicted following a jury trial of robbery and use of a firearm in the commission of a robbery, and was sentenced to a total of thirteen (13) years in prison. Resp. Ex. 1. Barton filed a direct appeal in the Virginia Court of Appeals, which denied his petition for appeal on August 11, 2005. Resp. Ex. 2. After an initial attempt to petition for further review was dismissed for failure to file a notice of appeal, Resp. Ex. 3, Barton sought and was granted a belated appeal by the Virginia Supreme Court. Resp. Ex. 4. The Supreme Court refused the appeal on March 15, 2007. Resp. Ex. 5.

On May 7, 2007, Barton submitted a petition for a state writ of habeas corpus to the Virginia Supreme Court, arguing that he had received ineffective assistance of counsel at trial. Resp. Ex. 6. After consideration, the Court denied Barton's claims on the merits in an Order dated October 5, 2007. Resp. Ex. 6. This federal proceeding was commenced in October, 2008.

## II.

As the respondent argues in his motion to dismiss, this petition for § 2254 relief is subject to dismissal as time-barred. A petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). As Barton makes no allegation of state-created impediment, newly-recognized constitutional right, or newly-discovered evidence, the limitations period began to run in this case on the date the conviction at issue became final. Since the Virginia Supreme Court refused Barton's direct appeal on March 15, 2007,[1] the conviction became final on June 13, 2007, the last date Barton could have petitioned the Supreme Court of the United States for a writ of certiorari.[2]

---

[1] Review by the Supreme Court of Virginia constituted "direct review" for purposes of the AEDPA, despite the fact that leave to pursue that appeal was obtained through a collateral proceeding. Frasch v. Peguese, 414 F.3d 518 (4th Cir. 2005)(applying Maryland law).

[2] See U.S. Sup. Ct. R. 13(1) (petitions for review are timely filed within 90 days of the entry of judgment by a state court of last resort); see also Lawrence v. Florida, 127 S. Ct. 1079, 1083 (2007) (reaffirming the inclusion of time for seeking review by the Supreme Court in calculating when direct review of a state criminal conviction becomes final under § 2244(d)).

In calculating the one-year limitations period, however, the Court must exclude the time during which state collateral proceedings pursued by petitioner were pending. See 28 U.S.C. § 2254(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). Here, before the judgment of conviction became final, Barton filed a state habeas application in the Supreme Court of Virginia on May 7, 2007, which was refused and dismissed on October 5, 2007. Therefore, pursuant to § 2244(d)(1), Barton had one year, or until October 5, 2008, to file a timely § 2254 petition.

For purposes of calculating the AEDPA statute of limitations, a petition is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). On the face of his petition, Barton declared under penalty of perjury that he delivered it to prison authorities for mailing on October 5, 2008, Pet. at 14, thus "filing" it on the last possible day it would be timely under § 2244(d)(1). See Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000)(applying Fed. R. Civ. P. 6(a) in calculating AEDPA limitations period, so that the last day for instituting a timely action is the anniversary date of the start of the limitations period). However, respondent has submitted evidence which indicates persuasively that Barton's declaration was false.

Ivan T. Gilmore, the Corrections Major and Chief of Security at Barton's place of incarceration, Sussex II State Prison, has provided an affidavit attesting that mail placed in the institutional mail system at that facility is collected each weekday morning at about 5:00 a.m., and is then delivered to the mailroom for processing. Resp. Ex. 8. The Mailroom Supervisor at Sussex II, R. Owen, explains in a separate affidavit that legal mail is stamped with a date stamp and logged

into a ledger book, which indicates the date the correspondence is mailed, the name and inmate number of the sender, and the name of the addressee. Resp. Ex. 7. On weekdays, inmate mail is processed and delivered to the post office on the same day it is received by the mailroom. Inmate mail received by the mailroom on a weekend is processed the next business day. Id. Mailroom Supervisor Owen reviewed the outgoing legal mail logbook and determined that Barton mailed an item to the Clerk of this Court on October 22, 2008. Resp. Ex. 7. Based upon this information, respondent asserts that the earliest date on which Barton could have delivered his federal petition to prison authorities for mailing was October 21, 2008, the day before it was processed and delivered to the post office.[3]

In addition to the foregoing evidence supplied by the respondent, the Court notes that Barton's petition was received by the Clerk on October 29, 2008. See Docket # 1, Envelope. That date is wholly consistent with the facts as presented by respondent, and it is inconsistent with Barton's declaration that he provided the petition to prison authorities on October 5, 2008, three weeks before its receipt by the Court. Moreover, as noted above, petitioner was informed of his right to respond to respondent's motion to dismiss this petition, and he has failed to come forward with any evidence or argument to rebut the respondent's position that the petition is time-barred. Lastly, it is noted that Barton included no facts or arguments to attempt excuse its untimely filing in the appropriate section of the petition itself. Pet. at ¶ 18. Accordingly, because the limitations period of § 2244 (d) expired in this case on October 5, 2008, and because it has been demonstrated to the Court's satisfaction that the petition was not delivered to prison authorities on or before that date, the petition is time-barred from federal consideration on the merits.

---

[3]The Court notes that October 22, 2008 fell on Wednesday, a weekday.

4

## III.

For the foregoing reasons, this petition will be dismissed as untimely filed. An appropriate Order shall issue.

Entered this 15th day of October 2009.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia